Filed 6/24/22  In re P.S. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re P.S. et al., Persons Coming Under the Juvenile Court Law. | B311162 (Los Angeles County Super. Ct. No. 19CCJP07865A-F) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. KIMBERLY G., Defendant and Appellant. | |

APPEAL from an order of the Los Angeles County Superior Court, Sabina A. Helton, Judge.  Affirmed.

Anne E. Fragasso, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Jacklyn K. Louie, Principal Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

Mother (Kimberly G.) appeals from the juvenile court's order authorizing vaccinations for her six dependent children. We find no abuse of discretion and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On December 10, 2019, the Los Angeles County Department of Children and Family Services (DCFS) filed a dependency petition on behalf of mother's minor children: Paris S. (born Oct. 2006); Aaniyjah G. (born Nov. 2008); Kaniyah C. (born Aug. 2010); Ky'on T. (born Aug. 2016); Laila T. (born Sept. 2017); and Ra'Jaih T. (born June 2019). As to mother, the petition (as amended) was sustained on November 13, 2020, based on mother's physical and emotional abuse of the children as well as her failure to protect the children from the physical abuse of Timothy T., father to the three youngest children (Ky'on, Laila, and Ra'Jaih). The court declared the children dependents and removed them from parental custody.

Paris, Aaniyjah, and Kaniyah (collectively, older children) were placed in the foster home of Ms. B. Ky'on, Laila, and Ra'Jaih (collectively, younger children) were placed in the foster home of Ms. H.

---

[1]     A sizable portion of evidence in this matter is included in the record of a related appeal. (*Los Angeles County Department of Children and Family Services v. T.T. et al.*, B309385.) Although the parties cite to the record in this related appeal, no party requested judicial notice. On our own motion, we take judicial notice of this record. (Evid. Code, § 452, subd. (d)(1); see also *Lang v. Roché* (2011) 201 Cal.App.4th 254, 257, fn. 1 ["We take judicial notice of the prior appeals because they are related prior proceedings leading to the present appeal"].)

On June 26, 2020, DCFS orally requested that the juvenile court "authorize the children to receive vaccinations that are needed so the children can attend school and for their overall health and well-being." The court invited the parties to submit briefing on the issue. DCFS, counsel for Paris, and counsel for Kaniyah filed briefs requesting that the court authorize vaccinations for the children. In her brief, Paris "requested to be enrolled in public school, but in order to do so she must receive the immunizations required by California law." Ms. H. reported to DCFS that the daycare was allowing the younger children to be enrolled without vaccinations, awaiting a decision by the juvenile court on the issue at the scheduled July 28, 2020 hearing. However, Ms. H. did not indicate whether the daycare would continue to allow the children to remain enrolled after that date.

On July 28, 2020, the court denied without prejudice DCFS's motion for the children to be vaccinated. The court ordered DCFS to ask mother about the children's prior vaccinations and ordered mother to provide all information, including copies of immunization records, on the children's previous vaccinations.

DCFS later reported that the social worker was unable to contact mother and mother had not provided the children's immunization records. DCFS was able to independently confirm that Aaniyjah had received all of her vaccinations. On September 25, 2020, the juvenile court again ordered mother to turn over the children's vaccination records.

On December 2, 2020, the juvenile court also ordered DCFS to obtain written recommendations from a licensed physician whether the

3

children should be vaccinated. DCFS subsequently submitted two letters to the court. In the first, Nurse Practitioner Belinda Riviera recommended vaccinations for the younger children in line with the guidelines of the American Academy of Pediatrics and the Centers for Disease Control and Prevention. In the second, Dr. Maya Willie recommended that Paris and Kaniyah be vaccinated as "vaccines are crucial to children's health" and "most childhood vaccines are 90% to 99% effective in preventing disease." Dr. Willie considered Paris and Kaniyah to be "undervaccinated," which she described as a "significant health condition."

At a hearing on January 8, 2020, the court heard argument from counsel, including counsel for the three younger children advising the court that the children could not return to daycare unless they had documentation that they were vaccinated. Counsel for all of the children joined in DCFS's request for an order authorizing vaccinations. The court acknowledged the two medical letters filed on behalf of the children and found that they demonstrated a medical necessity for vaccination. The court also found that vaccination was required for the children's enrollment in school or daycare. Over mother's objection, the court authorized vaccinations for the children.

## DISCUSSION

Mother contends the juvenile court's order authorizing the vaccinations for the children was not reasonable. We disagree.

Where a child is adjudged a dependent of the court on the ground that the child is a person described under Welfare and Institutions Code

4

section 300, "the court may make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child, *including medical treatment*." (Welf. & Inst. Code, § 362, subd. (a), italics added; *In re S.P.* (2020) 53 Cal.App.5th 13, 17; *In re Christopher I.* (2003) 106 Cal.App.4th 533, 554–555.) "No statute restricts that authority." (*In re Christopher I., supra,* at p. 555.) Thus, "[a]fter a minor has been adjudged a dependent, the court acts as parens patriae and its authority to make decisions on behalf of the minor is unquestionably broad." (*J.N. v. Superior Court* (2007) 156 Cal.App.4th 523, 533.)

"[T]he most relevant issue in the juvenile court's ruling was whether the children at the current time needed vaccinations." (*In re S.P., supra,* 53 Cal.App.5th at p. 17, italics omitted.) Here, Nurse Practitioner Riviera recommended vaccinations for the younger children based on the guidelines of the American Academy of Pediatrics and the Centers for Disease Control and Prevention. Dr. Willie, noting the importance of vaccination to the health of children, recommended that Paris and Kaniyah be vaccinated. Also, the vaccinations were required for enrollment in daycare and public school. Based on this evidence, the court concluded that the children needed the vaccinations both for enrollment *and* for their overall health based on the recommendations from their medical providers. Thus, the court's order authorizing vaccinations for the children was well within its discretion. (See *In re Jasmin C.* (2003) 106 Cal.App.4th 177, 180; see also *In re Eric B.* (1987) 189 Cal.App.3d 996, 1005.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.

We concur:


COLLINS, J.


CURREY, J.